IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SYLVIA MOORE,** | § | |
| | § | **CIVIL ACTION NO.:** |
| *Plaintiff*, | § | **4:21-cv-2322** |
| | § | |
| v. | § | |
| | § | |
| **MEGAN J. BRENNAN,** | § | |
| **POSTMASTER GENERAL and** | § | |
| **UNITED STATES POSTAL SERVICE,** | § | |
| | § | **JURY DEMANDED** |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

NOW COMES Sylvia Moore ("Plaintiff") in the above-styled cause complaining of and about Megan J. Brennan, Postmaster General and the United States Postal Service ("USPS") (collectively referred to as "Defendants") and for cause of action files this, her Original Complaint, showing to the Court the following:

### I.   PARTIES

1.    Plaintiff Sylvia Moore is an individual residing in Harris County, Texas. Plaintiff is a citizen of the United States and the State of Texas. Plaintiff was an employee as a Postal Carrier by Defendant USPS. The cause of action complained of herein arose at Defendant's facility in Harris County, Texas.

2.    Defendant Megan J. Brennan is the Postmaster General and Chief Executive Officer of the U.S. Postal Service and is being sued in her official capacity as the U.S. Postal Service. In accordance with Federal Rules of Civil Procedure Rule 4(i)(1)(2) Plaintiff is serving Defendant by

serving the United States (as reflected in paragraph 4 below) and sending a copy of this pleading and summons to the Agency via certified mail.

3. Defendant USPS is an independent agency of the United States Government. In accordance with Federal Rules of Civil Procedure Rule 4(i)(1)(2) Plaintiff is serving Defendant by serving the United States (as reflected in paragraph 4 below) and sending a copy of this pleading and summons to the Agency via certified mail.

4. Plaintiff is serving the United States by serving to the U.S. Attorney for the U.S. Southern District of Texas, Jennifer Lowery at U.S Attorney's Office for the Southern District of Texas, 1000 Louisiana St., Ste. 2300, Houston, Texas 77002 via certified mail.

5. Plaintiff is serving copy of summons and complaint to the U.S. Attorney General, Merrick B. Garland at U.S. Department of Justice - Civil Division, 950 Pennsylvania Avenue, N.W., Washington, DC 20530-0001 via certified mail.

## II.   JURISDICTION AND VENUE

6. This suit arises under Title VII of the Civil Rights Act of 1964, as amended. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5.

7. Venue is proper in the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 626, because this is the judicial district in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## III.   NATURE OF THE ACTION

8. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a) and 2000e-3(a) to correct and recover for Defendants' unlawful employment practices on the basis of Plaintiff's disability, sex, and age (i.e. disabled female over 40 years old).

## IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. On October 30, 2014, Plaintiff filed an EEO complaint alleging that Defendant discriminated against and subjected her to harassment based on her sex (female), age (over 40), and disability (spinal stenosis, a lumbar sprain, and carpal tunnel). The Agency issued a final decision concluding that Complainant failed to prove that she was subjected to discrimination as alleged. On June 4, 2019, Plaintiff appealed the Agency's decision to the Commission.

10. On April 19, 2021, the Commission affirmed the decision of the agency, and gave Plaintiff notice that she had the right to file a civil action in the United States within ninety (90) days. Plaintiff now files this lawsuit within ninety (90) days, therefore, this lawsuit is timely filed.

## V.    FACTS

11. Plaintiff is an African American female employed by the United States Postal Service ("USPS") as a Full-Time Carrier Technician at the Royal Post Office in Houston, Texas.

12. On August 19, 2004, Plaintiff was diagnosed with a lumbar sprain, a shoulder sprain, carpal tunnel on her left and right hands, wrist contusions, an elbow sprain, and an ankle sprain when Plaintiff fell backwards in the parking lot of the Greens North Post Office. Plaintiff fell backwards over a concrete barrier and injured her ankle and elbow. The injury to her elbow and hands required surgery.

13. On July 16, 2014, DeAndia Johnson ("Ms. Johnson"), Station Manager, instructed Plaintiff to organize the mail and set it up in her carrier for route #1630 in thirty (30) minutes. However, Plaintiff was unable to do so. Because of this, Ms. Johnson instructed Roberta Kirkwood ("Ms. Kirkwood"), Supervisor, to give Plaintiff a pre-disciplinary interview for not completing the assignment in thirty (30) minutes. Subsequently, Plaintiff requested for additional work hours,

through a Form 3996, to Ms. Johnson to complete her work duty on this particular assignment as she has done in the past. This request was denied by Ms. Johnson.

14. On July 18, 2014, Ms. Johnson requested medical documentation from Plaintiff regarding Plaintiff's recent absence from work. Plaintiff had FMLA regarding her absence from work. Ms. Johnson was only asking this request as a form of harassment.

15. On September 27, 2014, Plaintiff returned to the Post Office from her route to get more mail to deliver, but was informed that Ms. Johnson had given the mail to Eric Murphy, a male co-worker. This took away one and a half (1.5) hours of overtime away from Plaintiff. Additionally, after Plaintiff left the Post Office, Ms. Johnson followed Plaintiff to her truck and went through Plaintiff's mail to be delivered and requested to see Plaintiff's scanner. Plaintiff also noticed that Ms. Johnson performed street supervision on Plaintiff. Per USPS's policies, this street supervision should have been completed by a supervisor and not a manager.

16. On October 3, 2014, Plaintiff woke up with numbness in her right foot. Plaintiff made CaSandra Watkins (Ms. Watkins), a supervisor, aware of this and that she would be seeing her personal physician that day. Later that day Plaintiff arrived at the Post Office to provide Ms. Watkins and Ms. Johnson with medical documentation that identified work-related restrictions. Plaintiff could no longer perform her walking routes with a pouch on her shoulder; she was also restricted in walking, reaching, kneeling, bending, pushing, or climbing. However, Plaintiff was still instructed to walk with a satchel on her shoulder and continued to have routes that were 95% walking.

17. On November 4, 2014, Plaintiff was instructed to clock out because her medical documentation was incorrect. Plaintiff was sent home because there was no work for her to do and no work available within her medical restrictions. Plaintiff disputed this management decision and

knew that there was work available for her to complete. Nonetheless, Plaintiff was still instructed to clock out of work early that day.

18. On November 25, 2014, Ms. Johnson denied Plaintiff's request to reuse her PS Form 3996. Plaintiff was threatened by Ms. Johnson to be sent home if she did not get off the workroom floor. Plaintiff was told by Ms. Johnson "You can walk and you're going to walk." Therefore, Plaintiff was instructed to carry city route #1638. Plaintiff reported this incident to Anita Slaughter ("Ms. Slaughter") and Clinton Siner ("Mr. Siner"), Union Representatives.

19. On December 16, 2014, Ms. Johnson voided Plaintiff's light-duty assignment. Ms. Johnson instructed Plaintiff to start to work on regular-duty assignments and refused to make reasonable accommodations for Plaintiff in violation of the ADA. Plaintiff reported this incident to Ms. Slaughter, Ms. Watkins, Patrice Flowers ("Ms. Flowers"), a Supervisor, and Regina Gooden ("Ms. Gooden"), a Supervisor.

20. On January 1, 2015, Plaintiff was called upon to work on the overtime list. Ms. Johnson followed Plaintiff off the workroom floor and raised her voice at Plaintiff asking her if she was on a break. Then Ms. Johnson did not allow for Plaintiff to finish her work-related duties. Plaintiff was given no reason for this treatment. Plaintiff felt it was meant to harassment, embarrass, and humiliate Plaintiff in front of her co-workers. Plaintiff reported this incident to Mr. Siner and Pearla Garza, a Union Representative. Additionally, Plaintiff gave Ms. Gooden a Form 13 that requested someone to come to the Post Office for a Zero Tolerance Policy discussion with Ms. Johnson.

21. On January 13, 2015, Plaintiff was given an all-walking route. Aloysious James and Jerry Odom, male co-workers, were given all-riding routes. Ms. Johnson knew of Plaintiff's disability, but gave the all-walking route assignment to Plaintiff anyway. Plaintiff feels she was treated

differently because she is a female and Ms. Johnson favored the male employees over female employees. Plaintiff reported this incident to Ms. Slaughter and Mr. Siner.

22. On January 27, 2015, Plaintiff was informed that she needed to fill out a new light-duty paperwork since her walking restrictions had changed. Then, Plaintiff was given an unrelated investigative interview. When Plaintiff came back to her work-related duties, Ms. Johnson informed Plaintiff that she could only work two (2) hours that day and took Plaintiff off the clock for the remainder of the day.

23. On January 30, 2015, Plaintiff was told to come into the station to accept a light-duty work assignment. When Plaintiff arrived, the paperwork for the assignment was not ready. Ms. Johnson informed Plaintiff that the light-duty assignment request was denied. Plaintiff was to perform route #1641, which was 95% walking. Plaintiff informed Ms. Flowers that her walking status had changed from four (4) hours to two (2) hours. With this information, Ms. Flowers told Ms. Johnson. Ms. Johnson instructed Plaintiff that she was sending her home because her new light-duty paperwork was not complete and that Plaintiff should not get paid to wait for it to be ready. Plaintiff reported this incident to Ms. Slaughter.

## V. CLAIMS

### CLAIM 1 – TITLE VII DISABILITY DISCRIMINATION

24. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

25. Plaintiff is a qualified individual within the meaning of the ADAAA (42 U.S.C. § 12111(8)).

26. Defendant is an employer and cover entity under the ADAAA (42 U.S.C. §§ 12111(2), (5)(A))

27. Plaintiff was an employee of Defendant under the ADAAA (42 U.S.C. § 12111(4)).

28. Plaintiff suffers from a disability—a physical impairing condition that substantially limits a major life activity, including, sitting, walking, and working—within the meaning of the ADAAA (42 U.S.C. §§ 12102(1)(A), 2(A)&(B)).

29. Defendant regarded or perceived Plaintiff as having a disability within the meaning of the ADAAA (42 U.S.C. §§ 12102(1)(C), (3)(A)).

30. Defendant discriminated against Plaintiff on the basis of his disability in violation of the ADAAA (42 U.S.C. § 12112).

31. Defendant also discriminated against Plaintiff by being "regarded as" having a disability.

## CLAIM 2 – TITLE VII GENDER DISCRIMINATION

32. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

33. Defendant intentionally engaged in unlawful employment practices against Plaintiff because of her gender (i.e. female), including discrimination and retaliation.

34. Plaintiff was subjected to adverse employment actions, namely, discriminated against in connection with the compensation, terms, conditions, and privileges of employment, as well as limited, segregated, or classified in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect her status on the account of Plaintiff's gender (i.e. female), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

35. Male employees of Defendant were treated more favorably and were not subjected to disparate treatment in the same or similar circumstances.

## CLAIM 3 – TCHRA GENDER DISCRIMINATION

36. Plaintiff incorporates by reference all of the foregoing allegations in each of theparagraphs

above as if fully set forth herein.

37. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her gender (i.e. female).

38. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affected Plaintiff's status because of Plaintiff's gender (i.e., female), in violation of the Texas Labor Code § 21.051 et seq.

### CLAIM 4 – TITLE VII AGE DISCRIMINATION

39. Plaintiff reasserts and incorporate by reference all the above numbered paragraphs.

40. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her age.

41. Plaintiff was subjected to adverse employment actions, namely, discriminated against in connection with the compensation, terms, conditions, and privileges of employment, as well as limited, segregated, or classified in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect her status on the account of Plaintiff's age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

### CLAIM 5 – TCHRA AGE DISCRIMINATION

42. Plaintiff reasserts and incorporate by reference all the above numbered paragraphs.

43. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her age.

44. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a

manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affected Plaintiff's status because of Plaintiff's age in violation of the Texas Labor Code § 21.051 et seq.

### CLAIM 6 – TITLE VII RETALIATION

45. Plaintiff reasserts and incorporate by reference all the above numbered paragraphs.

46. Plaintiff engaged in activities protected by applicable federal law, namely, reported discrimination and harassment at the hands of Defendant on the basis of her disability, gender, and age.

47. Plaintiff asserts she made a complaint about disparate treatment, yet Defendant failed to conduct a thorough investigation. This complaint should be construed as protected activity under Title VII. Defendant's action were a direct response to cover up their discriminatory animus.

48. The close timing between the protected activity and the adverse action against Plaintiff creates a causal connection between the two.

49. Defendant intentionally retaliated against Plaintiff because of her opposition to Defendant's discriminatory practices and the complaint of discrimination and harassment that Plaintiff made to Defendant, which was a violation of Title VII. As a result of Defendant's retaliation, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

### CLAIM 7 – TCHRA RETALIATION

50. Plaintiff reasserts and incorporate by reference all the above numbered paragraphs.

51. Plaintiff engaged in activities protected by applicable state law, namely, reported discrimination and harassment at the hands of Defendant on the basis of his gender.

52. Plaintiff asserts he made a complaint about disparate treatment, yet Defendant failed to

conduct a thorough investigation. This complaint should be construed as protected activity under Texas Labor code § 21.055. Defendant's action was a direct response to cover up their discriminatory animus.

53. The close timing between the protected activity and the adverse action against Plaintiff creates a causal connection between the two.

54. Defendant intentionally retaliated against Plaintiff because of her opposition to Defendant's discriminatory practices and the complaints of harassment that Plaintiff made to Defendant, which was a violation of Texas Labor Code § 21.055. As a result of Defendant's retaliation, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

### CLAIM 8 – HOSTILE WORK ENVIRONMENT

55. Plaintiff reasserts and incorporate by reference all the above numbered paragraphs.

56. Plaintiff was subjected to unwelcome harassment throughout the course of his employment by management. The hostile treatment, as stated in the facts, unreasonably interfered with Plaintiff's employment.

57. Defendant intentionally engaged in unlawful employment practices against Plaintiff because of his gender (i.e. male), including discrimination and retaliation, which is in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

58. As a direct and proximate result of Defendant's actions, Plaintiff has suffered severe emotional distress, physical and emotional pain, suffering, inconvenience, mental anguish, and other pecuniary and non-pecuniary losses in the amount to be determined at trial.

### VI. JURY DEMAND

59. Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff has submitted the jury demand and herein submits the jury fee.

## VII. PRAYER

60. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

   a. All damages that Plaintiff may be entitled to pursuant to this Original Complaint, or any amendments thereto, including (but not limited to) back pay, future wages, reinstatement, upgrading, and compensation for benefits not received;

   b. Compensatory damages, including (but not limited to) emotional distress;

   c. Past, present, and future physical pain and mental suffering;

   d. Punitive damages;

   e. Liquidated damages;

   f. Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

   g. Pre-judgment interest (at the highest rate permitted by law);

   h. Post-judgment interest from the judgment until paid (at the highest rate permitted by law);

   i. Costs of Court; and

   j. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully Submitted,



Alfonso Kennard Jr.
Texas Bar No.: 24036888
Southern District No.: 713316
alfonso.kennard@kennardlaw.com
Kennard Law, PC
5120 Woodway Dr., Ste. 10010
Houston, Texas 77056
Tel.: (713) 742 -0900
Tax: (832) 558-9412
**ATTORNEY IN CHARGE
FOR PLAINTIFF**