**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **SYLVIA MOORE,** | § | **CIVIL ACTION NO.:** |
| | § | **4:21-cv-02322** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **LOUIS DEJOY,** | § | **JURY DEMANDED** |
| **POSTMASTER GENERAL and** | § | |
| **UNITED STATES POSTAL SERVICE,** | § | |
| | § | |
| *Defendant.* | § | |

---

**PLAINTIFF SYLVIA MOORE'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

---

Dated: November 21, 2022

Respectfully submitted,



_____

**Alfonso Kennard, Jr**.
Texas Bar No. 24036888
S.D. ID 713316
**Eddie Hodges Jr.**
Texas Bar No. 24116523
5120 Woodway Dr. Suite 10100
Houston, Texas 77056
T: (713) 742-0900
F: (713) 742-0951
alfonso.kennard@kennardlaw.com
eddie.hodges@kennardlaw.com

**ATTORNEYS FOR PLAINTIFF**

## TABLE OF CONTENTS

CONTENTS

SUMMARY OF THE ARGUMENT ..................................................................... 1

NATURE OF THE PROCEEDINGS ................................................................... 2

MATERIAL FACT ISSUES PRESENTED ........................................................ 2

STATEMENT OF MATERIAL FACTS ............................................................. 3

   **A. PLAINTIFF WAS HIRED BY USPS IN 1989.** ............................................ 3

   **B. PLAINTIFF SUFFERS MULTIPLE INJURIES CAUSING HER TO BE REGARDED AS DISABLED BY USPS.** ............................................................................................... 3

   **C. USPS HAD KNOWLEDGE OF PLAINTIFF'S DISABILITIES AND FAILED TO ACCOMMODATE.** ........................................................................................................ 4

   **D. PLAINTIFF WAS DISCRIMINATED AND RETALIATED AGAINST AFTER HER FIRST EEO CHARGE IN 2014.** ............................................................................................... 5

   **E. PLAINTIFF SUFFERED ADVERSE EMPLOYMENT ACTION WHEN SHE WAS NOT GIVEN THE SAME OVERTIME OPPORTUNITIES OR ACCOMMODATIONS FOR HER ROUTES BASED ON HER KNOWN DISABILITIES AND USPS'S REASONING FOR ADVERSE ACTIONS WAS PRETEXTUAL BASED ON SIMILARLY SITUATED EMPLOYEES, OUTSIDE PLAINTIFF'S PROTECTED CLASSES, WERE TREATED MORE FAVORABLY.** ... 6

SUMMARY JUDGMENT STANDARD OF REVIEW ...................................... 7

ARGUMENTS AND AUTHORITIES ................................................................. 8

   **A. PLAINTIFF CAN ESTABLISH A *PRIMA FACIE* CASE OF DISCRIMINATION BASED ON HER PROTECTED CLASS (SEX, AGE, AND DISABILITY).** ................................. 8

      *1. Plaintiff suffered materially adverse employment action when she was denied all-riding routes and denied overtime compensation.* ................................................... 9

      *2. Genuine issues of material fact exist as to whether Derrick Waities, Charles Russell, Eric Murphy, Mr. Fuller, Bobby Johnson, Aloysious James, Jerry Odom, and Robert Hewelett (city carriers) received favorable treatment compared to Plaintiff.* ....................................................................................................................... 11

      *3. Genuine issues of material fact exist as to whether the adverse actions taken against Plaintiff was based on pretext given that Defendant failed to follow its own policy and treated male, non-disabled employees more favorably.* .......................... 12

      *4. Genuine issues of material fact exist as to whether Defendant failed to accommodate Plaintiff given that Defendant knew of Plaintiff's disabilities.* ........... 13

ii

**B.   PLAINTIFF CAN ESTABLISH A PRIMA FACIE CASE OF RETALIATION UNDER TITLE VII AND THE REHABILATION ACT.** ............................................................................ 14

*1.   Plaintiff engaged in protected activity based on her first EEO Complaint and her request for light-duty restrictions.* ...................................................... 15

*2.   Genuine issues of material fact exist as to whether Plaintiff suffered adverse employment action as a result of her protected activity.* .......................... 16

*3.   Genuine issues of material fact exist as to the causal connection between Plaintiff's EEO Complaint, requests for accommodation, and her subsequent adverse employment action.* .................................................................... 16

*4.   Genuine issues of material fact exist as to whether Plaintiff's termination was pretextual given that Defendant failed to follow its own policy.* ................ 17

**CONCLUSION** .......................................................................................................... **18**

<u>**TABLE OF AUTHORITIES**</u>

**CASES**                                                            **PAGE(S)**

*Alvarado v. Tex. Rangers,*
492 F.3d 605(5th Cir. 2007) …………………………………………………..… 9

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242 (1986) …………………………………………………………... 7, 8

*Banks v. E. Baton Rouge Parish Sch. Bd.,*
320 F.3d 570 (5th Cir. 2003) ………………………………………………….. 15

*Burch v. City of Nacogdoches,*
174 F.3d 615 (5th Cir.1999) …………………………………………………… 7

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986) …………………………………………………………... 7

*Dibidale of Louisiana, Inc. v. American Bank & Trust Co.,*
916 F.2d 300 (5th Cir. 1990) ………………………………………………….. 8

*EEOC v. LHC Group, Inc.,*
773 F.3d 688 (5th Cir. 2014) ………………………………………………….. 9

*Franklyn v. Tyson Foods, Inc.,*
No. H-06-0371, 2007 WL 2315231 (S.D. Tex. Aug. 10, 2007) ……………….. 10

*Gee v. Principi,*

289 F.3d 342 (5th Cir. 2002) ……………………………………………………… 13, 15

*Glover-Dorsey v. University of Tex. Med. Branch*,
147 F. Supp. 2d 656 (S.D. Tex. 2001) …………………………………………... 7

*Hamilton v. Southwestern Bell Tel. Co.*,
136 F 3d 1047 (5th Cir. 1998) …………………………………………………… 14

*Lee v. Kan. City S. Ry Co.*,
574 F.3d 253 (5th Cir. 2009) …………………………………………………... 11

*Levine v. Methodist Hosps. of Dall.*,
No. 3:11-CV-0901-B, 2012 WL 3649711 (N.D. Tex. Aug. 27, 2012) …………..……...…… ... 10

*Mason v. United Air Lines, Inc.*,
274 F.3d 314 (5th Cir. 2001) ……………………………………………………… 9

*McCoy v. City of Shreveport*,
492 F.3d 551 (5th Cir. 2007) ……………………………………………… …...9, 15

*Miller v. Raytheon Co.*,
716 F.3d 138 (5th Cir. 2013) ……………………………………………………… 9

*Nasti v. CIBA Specialty Chemicals Corp.*,
492 F.3d 589 (5th Cir. 2007) …………………………………………………... 13

*Nichols v. Loral Vought Sys. Corp.*,
81 F.3d 38 (5th Cir. 1996) ………………………………………………………… 9

*Pegram v. Honeywell, Inc.*,
361 F.3d 272 (5th Cir. 2004) ……………………………………………………… 9

*Pinkerton v. Spellings*,
529 F.3d 513 (5th Cir. 2008) …………………………………………………....... 9

*Raggs v. Mississippi Power & Light Co.*,
278 F.3d 463 (5th Cir. 2002) …………………………………………………… 17

*Ramirez v. Landry's Seafood*,
280 F.3d 576 (5th Cir. 2002) …………………………………………………... 13

*Reeves v. Sanderson Plumbing Products, Inc.*,
530 U.S. 133 (2000) …………………………………………………… 7, 8, 13

*Thompson v. City of Waco*,
764 F.3d 500 (5th Cir. 2014) …………………………………………………… 10

iv

*Turner v. Kan. City S. Ry. Co.*,
675 F.3d 887 (5th Cir. 2012) …………………………………………………………... 11

**Rules and Statutes**

Civil Rights Act of 1964 Title VII, 42 U.S.C § 2000(e)(2)-(3)

The Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621

The Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 et seq.

Fed. R. Civ. P. 56(c)

## <u>EXHIBIT LIST</u>

| | | |
|---|---|---|
| Exhibit A | → | Deposition Transcript for Plaintiff Sylvia Moore |
| Exhibit B | → | Documents regarding Complaints by Plaintiff Sylvia Moore |
| Exhibit C | → | Documents regarding the investigation into Plaintiff's complaints |
| Exhibit D | → | Documents regarding Plaintiff's requests for Light-Duty work restrictions |
| Exhibit E | → | Documents regarding USPS policies and Memorandum of Understanding |

**NOW COMES**, Plaintiff Sylvia Moore (hereinafter "Ms. Moore" or "Plaintiff") files this Response in Opposition to Defendant, Louis DeJoy, Postmaster General of the United States Postal Service's ("USPS or "Defendant") Motion for Summary Judgment respectfully requesting the Honorable Court to **DENY** Defendant's Motion for the following reasons:

## <u>SUMMARY OF THE ARGUMENT</u>

Defendant's Motion for Summary Judgment should be DENIED because Plaintiff has established her burden of establishing a *prima facie* case of discrimination, retaliation, and a hostile work environment by producing evidence of material fact disputes as to Defendant's adverse employment actions. Plaintiff suffered adverse employment action when she was: (i) denied reasonable accomodations; (ii) denied overtime opportunities, compared to similarly situated employees; and (iii) denied routes that were available within her medical restrictions. Plaintiff also asserts that genuine issues of material fact do exist as to whether these actions were adverse, given that it affected Plaintiff's terms, conditions, benefits, and privileges of employment. Lastly, Plaintiff can show that there is evidence of a causal connection between Plaintiff's protected activity (i.e. her multiple EEO complaints), and the adverse employment she suffered as result of her protected activity. Based on the material fact issues presented in the response below, summary judgment should be DENIED.

## NATURE OF THE PROCEEDINGS

Plaintiff filed suit against Defendant alleging five claims: (1) Disability discrimination under the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 et seq ("Rehabilitation Act"); (2) Gender discrimination under Title VII, 42 U.S.C. § 2000(e)(2) et seq; (3) Retaliation under Title VII, 42 U.S.C. § 2000(e)(3) et seq; (4) Age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621; and (5) Hostile work environment under Title VII. Defendant filed their Motion for Summary Judgment on October 31, 2022. Plaintiff has filed this response timely according to the Federal Rules. Fed. R. Civ. P. 56(c).

## MATERIAL FACT ISSUES PRESENTED

1. Whether a reasonable factfinder could find that Plaintiff was discriminated based on her protected class (sex, age, and disability) given that other employees in the same position were treated better and Plaintiff was not given any routes that would accommodate her disability? These genuine factual issues preclude summary judgment.

2. Whether a reasonable factfinder could find that Plaintiff suffered adverse employment action given that Defendant's actions affected the terms, conditions, compensation, and privileges of Plaintiff's employment when she was not given mail routes that accommodate her medical issues and refused to give her new routes, ultimately causing Plaintiff to lose compensation? These genuine factual issues preclude summary judgment because evidence exists that Defendant's actions were materially adverse.

3. Whether Plaintiff's EEO Complaints was the contributing factor to Defendant's adverse employment actions against Plaintiff given that Plaintiff lost privilege and compensation directly thereafter her EEO complaint? These genuine factual issues preclude summary judgment.

2

<u>**STATEMENT OF MATERIAL FACTS**</u>

**A.  Plaintiff was hired by USPS in 1989.**

In 1989, Plaintiff began working casual positions with USPS in distribution, including: city letter carrier; union steward; CFC campaign; on-the-job instructor; and customer connect at the Roy Royall Post Office in Houston, Texas. **Exhibit A**. For majority of Plaintiff's career with USPS she was a city letter carrier where she cased and delivered mail to local residences. **Exhibit A**; **Exhibit E**. At all relevant times in this case, Plaintiff was over the age of forty (1969) when she contends USPS began to discriminate against her based on her age, disability, and gender. **Exhibit A**; **Exhibit C**.

**B.  Plaintiff suffers multiple injuries causing her to be regarded as disabled by USPS.**

In 2004, Plaintiff was diagnosed with a lumbar sprain, a shoulder sprain, carpal tunnel on her left and right hands, wrist contusions, an elbow sprain, an ankle sprain, and spinal stenosis when Plaintiff fell backwards in the parking lot of the Greens North Post Office. **Exhibit A**; **Exhibit B**; **Exhibit C**. Plaintiff fell backwards over a concrete barrier and injured her ankle and elbow, and the injury to her elbow and hands required surgery. **Exhibit A**.

Plaintiff had several limitations that affected her everyday life, such as having a hard time walking and having weight restrictions limiting what she could carry. **Exhibit A**; **Exhibit D**. Plaintiff's immediate supervisor, Cassandra Bernice Watkins ("Ms. Watkins"); and her manager, De Andia Johnson ("Ms. Johnson") were aware of Plaintiff's medical

3

condition and regarded her as disabled. **Exhibit C**. In 2014, Plaintiff sent Ms. Watkins and Ms. Johnson a list of her new work restrictions and a request for light duty starting in January 2015. **Exhibit D**. During this time, Plaintiff was not provided light duty restrictions and USPS failed to follow local policies NALC local 283 and USPS LMOU at the Roy Royall Station. **Exhibit C**; **Exhibit D**; **Exhibit E**. It was Ms. Johnson's decision whether Plaintiff's light duty was approved, however, continued to deny Plaintiff's request under the guise of lack of medical information. **Exhibit D**.

### C. USPS had knowledge of Plaintiff's disabilities and failed to accommodate.

In 2014, Plaintiff sent Ms. Watkins and Ms. Johnson a list of her new work restrictions and a request for light duty starting in January 2015. **Exhibit A**; **Exhibit D**. During this time, Plaintiff was not provided light duty restrictions and USPS failed to follow local policies NALC local 283 and USPS LMOU at the Roy Royall Station. **Exhibit A**; **Exhibit C**; **Exhibit D**; **Exhibit E**. It was Ms. Johnson's decision whether Plaintiff's light duty was approved, however, continued to deny Plaintiff's request under the guise of lack of medical information. **Exhibit D**.

On December 16, 2014, Ms. Johnson ignored Plaintiff's light-duty assignment and Ms. Johnson instructed Plaintiff to start to work on regular-duty assignments and refused to make reasonable accommodations for Plaintiff. **Exhibit D**. Soon thereafter, Plaintiff reported this incident to Ms. Slaughter, Ms. Watkins, Patrice Flowers ("Ms. Flowers"), a Supervisor, and Regina Gooden ("Ms. Gooden"), a Supervisor. **Exhibit A**; **Exhibit B**.

**D. Plaintiff was discriminated and retaliated against after her first EEO Charge in 2014.**

On December 31, 2014, Plaintiff was forced to an EEO Complaint after Defendant failed to provide Plaintiff with light-duty restrictions after she made the request in November 2014. **Exhibit A**; **Exhibit B**. After filing the EEO Complaint, making numerous other complaints regarding similar conduct, her privileges and compensation began to diminish. **Exhibit A**.

In January 2015, Plaintiff was not allowed to finish her work-related duties. **Exhibit A**. Plaintiff reported this incident to Mr. Siner and Pearla Garza, a Union Representative. **Exhibit A**; **Exhibit B**. Additionally, Plaintiff gave Ms. Gooden a Form 13 that requested someone to come to the Post Office for a Zero Tolerance Policy discussion with Ms. Johnson. **Exhibit A**; **Exhibit B**. On January 13, 2015, Plaintiff was given an all-walking route. **Exhibit A**. Aloysious James and Jerry Odom, male co-workers [non-disabled], were given all-riding routes. **Exhibit A**; **Exhibit D**. Ms. Johnson knew of Plaintiff's disability but gave the all-walking route assignment to Plaintiff anyway because she is a disabled female and Ms. Johnson favored nondisabled male employees. **Exhibit C**; **Exhibit D**.

On January 27, 2015, Plaintiff was informed that she needed to fill out a new light-duty paperwork since her walking restrictions had changed. **Exhibit D**. When Plaintiff came back to her work-related duties, Ms. Johnson informed Plaintiff that she could only work limited hours and took Plaintiff off the clock for the remainder of the day. **Exhibit A**; **Exhibit D**.

Plaintiff was consistently told to perform route #1641, which was 95% walking. **Exhibit A**. While non-disabled employees, who requested light-duty, where given riding routes. **Exhibit A**; **Exhibit B**; **Exhibit D**. On numerous occasions,  Ms. Johnson sent Plaintiff home (cutting her hours short) because her new light-duty paperwork was allegedly not complete, and that Plaintiff should not get paid to wait for it to be ready; thereafter Plaintiff reported this incident to Ms. Slaughter. **Exhibit A**; **Exhibit B**.

**E. Plaintiff suffered adverse employment action when she was not given the same overtime opportunities or accommodations for her routes based on her known disabilities and USPS's reasoning for adverse actions was pretextual based on similarly situated employees, outside Plaintiff's protected classes, were treated more favorably.**

Plaintiff contends that Derrick Waities, Charles Russell, Eric Murphy, Mr. Fuller, Bobby Johnson, Aloysious James, Jerry Odom, and Robert Hewelett were similarly situated city letter carriers under Ms. Johnson and Ms. Watkins. **Exhibit A**; **Exhibit B**; **Exhibit D**. Plaintiff contends that Ms. Johnson and Ms. Watkins treated males more favorably and allowed them access to all-riding routes. **Exhibit A**; **Exhibit B**; **Exhibit D**. On the contrary, Plaintiff was forced to take on majority walking-only routes, while being denied light-duty and opportunities for overtime compensation due to Ms. Johnson allowing the non-disabled males to cover the all-riding routes. **Exhibit A**; **Exhibit D**.

 Plaintiff provided evidence through testimony and documents that USPS failed to follow its own policies by allowing Plaintiff to request and receive light-duty restrictions based on her disability. **Exhibit A**; **Exhibit C**; **Exhibit D**; **Exhibit E**. Plaintiff has testified that her managers, excluded her from all-riding routes, excluded her from opportunities for

6

overtime; which affected her job responsibilities, privileges, and compensation. **Exhibit A**; **Exhibit B**.

## SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). When a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Glover-Dorsey v. University of Tex. Med. Branch*, 147 F. Supp. 2d 656, 661 (S.D. Tex 2001); *See also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986). Issues of material fact are "genuine" if they require resolution by a trier of fact. *Id*. Disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *Id*. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *Id*. Doubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party. *See Burch v. City of Nacogdoches*, 174 F.3d 615, 619 (5th Cir.1999).

In ruling on Defendants' Motion, cases indicate that the Court must accept Plaintiff's evidence as true and must draw all reasonable inferences in her favor. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). Conversely, the Court must not weigh the evidence or make

credibility determinations, for "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves*, 530 U.S. at 150-51 (*quoting Anderson*, 477 U.S. at 255). *See also Dibidale of Louisiana, Inc. v. American Bank & Trust Co*., 916 F.2d 300, 307-08 (5th Cir. 1990) ("credibility assessments are not fit grist for the summary judgment mill").

Here, there are clearly genuine issues of material fact, which necessitate Plaintiff's claims progressing to a trial on the merits. Plaintiff is not basing her claims on "mere subjective belief" that she has been subjected to discrimination, but she is submitting factual evidence in which a reasonably juror could conclude that the actions of Defendant were adverse and affected her terms, privileges, and compensation with USPS. Each of the issues presented by Defendant's Motion are highly disputed and fact intensive. The evidence and testimony are disputed and dependent upon credibility determinations that cannot be made on summary judgment.

## **ARGUMENTS AND AUTHORITIES**

### A. **Plaintiff can establish a *prima facie* case of discrimination based on her protected class (Sex, Age, and Disability).**

To establish a prima facie claim of discrimination under Title VII, the Rehabilitation Act, and the ADEA, Plaintiff must prove that she was (1) a member of the protected class (here, female, over 40, or disabled); (2) qualified for the position for which she sought employment or continued employment; (3) suffered an adverse employment action; and (4) replaced by someone outside the protected class or otherwise treated less favorably than

employees outside her protected class. *EEOC v. LHC Group, Inc*, 773 F.3d 688, 694 (5th Cir. 2014) (ADA); *Miller*, 716 F.3d at 144 (ADEA); *Mason*, 274 F.3d at 318 (Title VII); *Pinkerton v. Spellings*, 529 F.3d 513, 516–17 (5th Cir. 2008) ("The standards under the ADA govern any inquiry into Rehab Act allegations.").

Defendant concedes that Plaintiff satisfies most of the elements of the *prima facie* case, which is appropriate because the burden for establishing a prima facie case is "very minimal." *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41 (5th Cir. 1996). However, Defendant asserts that Plaintiff cannot establish the third and fourth element of her prima facie case for discrimination based on her protected class. Plaintiff at all times was a qualified individual within her respective protected class, given that she worked for USPS for almost thirty years, and has over twenty years of experience has a city carrier. Plaintiff has met the burden of establishing a *prima facie* case by circumstantial evidence.

1. <u>Plaintiff suffered materially adverse employment action when she was denied all-riding routes and denied overtime compensation</u>.

For discrimination claims, the Court has held that adverse employment actions consist of "ultimate employment decisions" such as hiring, firing, demoting, promoting, granting leave, and compensating. *See McCoy v. City of Shreveport*, 492 F.3d 551, 560 (5th Cir. 2007); *Alvarado v. Tex. Rangers*, 492 F.3d 605, 612 (5th Cir. 2007); *Pegram v. Honeywell, Inc*., 361 F.3d 272, 282 (5th Cir. 2004). Defendant alleges that all Plaintiff's claims should be dismissed because there was no adverse employment action taken against Plaintiff. However, Defendant's argument eviscerates the protections explicitly provided for in Title VII, which prohibits discrimination in "**compensation, terms, conditions,**

**or privileges of employment**," because of such individual's protected class..." 42 U.S.C. § 2000e-2(a)(1); *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014)(An "adverse employment action is one which "affects the terms and conditions of employment.").

Plaintiff asserts that she suffered two acts of adverse employment action during her tenure. The first materially adverse action Plaintiff faced when she was denied light-duty and denied access to the "all-riding" routes because of her medical restrictions. If Plaintiff was allowed access to "all-riding" routes she would have accrued more hourly compensation and overtime compensation. Defendant's Motion asserts that the denial of her restrictions was not adverse, yet it affected her salary, job title, primary job responsibilities, and lost compensation as a privileges of her employment. *See Franklyn v. Tyson Foods, Inc*., No. H-06-0371, 2007 U.S. Dist. LEXIS 58634, 2007 WL 2315231 *5 (S.D. Tex. Aug. 10, 2007) (finding that a denial of a bonus has been found to be an adverse employment action for a discrimination claim in the Fifth Circuit). Indeed, Plaintiff presents evidence that Defendant denial of her light-duty restrictions was an ultimate employment decision that affected Plaintiff's compensation and other privileges of employment. Moreover, Defendant's second act of materially adverse employment action occurred when Defendant decided to not allow Plaintiff to accumulate overtime hours because of her medical restrictions. In *Levine*, the Court denied summary judgment after holding that Plaintiff raised a factual issue by her failure to receive a bonus. *Levine v. Methodist Hosps. of Dall*., No. 3:11-CV-0901-B, 2012 WL 3649711, at *9 (N.D. Tex. Aug. 27, 2012) (finding the record indicated that Defendant did not apply its bonus policy as written and a reasonable juror could find that it was applied in a discriminatory manner.).

10

Similarly, Plaintiff has raised factual issues as to whether his denial of overtime compensation was applied in a discriminatory manner, given that similarly situated non-female, non-disabled carriers were approved and paid overtime compensation. Thus, Defendant's motion for summary judgment should be denied and Plaintiff's claims should continue to trial.

> 2. Genuine issues of material fact exist as to whether Derrick Waities, Charles Russell, Eric Murphy, Mr. Fuller, Bobby Johnson, Aloysious James, Jerry Odom, and Robert Hewelett (city carriers) received favorable treatment compared to Plaintiff.

Defendant asserts that Plaintiff cannot identify a single comparator who was similarly situated and treated more favorably outside of Plaintiff's protected class, (i.e. male, non-disabled, under 40). The Court has emphasized that "nearly identical is not synonymous with identical." *Turner v. Kan. City S. Ry. Co.*, 675 F.3d 887, 893 (5th Cir. 2012). The Court further explains that "a requirement of complete or total identity rather than near identity would be essentially insurmountable, as it would be in the rarest circumstances that the situations of two employees would be totally identical." *Lee v. Kan. City S. Ry Co.*, 574 F.3d 253, 260 (5th Cir. 2009). Simply stated, Plaintiff needs only to show that there exists one male, non-disabled, and under 40 employee who was supervised by Ms. Watkins and Ms. Johnson and was treated more favorably after requesting light-duty restrictions.

Through discovery, Plaintiff has named Derrick Waities, Charles Russell, Eric Murphy, Mr. Fuller, Bobby Johnson, Aloysious James, Jerry Odom, and Robert Hewelett (males, non-disabled) as a named comparators, who were city carriers during the same

Plaintiff requested light-duty work. Plaintiff has testified that these individuals were given predominately "all-riding" routes, even if they requested light-duty or not. Instead, Plaintiff's supervisors denied her requests for light duty and allowed these named similarly situated employees to continue to have majority "all-riding" routes. Yet, Plaintiff was given corrective action for requesting light-duty, and eventually denied opportunities to earn more hourly compensation.

Additionally, Plaintiff asserts that these similarly situated employees were treated more favorably when Defendant allowed these employees to have access to overtime hours. Instead of launching an investigation into Plaintiff's complaints, these similarly situated employees were afforded the benefit of the Defendant's overtime policy. As such, Defendant has failed to show it is entitled to summary judgment as a matter of law, and there are genuine issues of material fact in dispute as to whether these similarly situated employees were treated more favorably than Plaintiff.

3.    Genuine issues of material fact exist as to whether the adverse actions taken against Plaintiff was based on pretext given that Defendant failed to follow its own policy and treated male, non-disabled employees more favorably.

As much as Defendant seeks to discredit it, the gravamen of Plaintiff's protected class discrimination claims is that Defendant's reason for termination and they followed their policy creates an inference of discriminatory bias when other similarly situated employees are treated more favorably. Defendant failed to establish a reason for denying Plaintiff's light-duty restrictions request, which is a direct violation of the NALC local 283 and USPS LMOU policy. However, Plaintiff asserts that Defendant's reason for the

adverse actions was pretext to cover up a discriminatory intent to discriminate and affect Plaintiff's terms, conditions, and privileges of her employment. Factual issues exist that provide inconsistencies in how Defendant followed its policy.

A widely accepted method of proving pretext, and thus liability, is to show that the employer's statements are false. *See*, *e.g.*, *Reeves*, *supra*. Another way is to prove that Defendant has provided inconsistent or conflicting explanations for its conduct." *Nasti v. CIBA Specialty Chemicals Corp.*, 492 F.3d 589 (5th Cir. 2007*); See, e.g., Gee v. Principi*, 289 F.3d 342, 347-48 (5th Cir. 2002). Yet, another is to prove that other individuals were treated differently. *See, e.g., Ramirez v. Landry's Seafood*, 280 F.3d 576, 577-78 (5th Cir. 2002). Here, the evidence supports all of the above-mentioned methods.

Defendant erroneously argues that USPS had a legitimate, non-discriminatory reason for the adverse actions taken against Plaintiff. However, there are many inconsistencies with Defendant's investigation leading to the denial of Plaintiff's accommodations. First, USPS failed to follow its own policy by allowing Plaintiff to request light-duty restrictions. Furthermore, Plaintiff has provided evidence that other similarly situated employees outside her protected class were not subject to the same type of scrutiny when requesting light-duty restrictions. The Defendants claim that the Plaintiff cannot establish pretext should fail. As a result, these inconsistencies and conflicting reasons require a jury's assessment, making summary judgment inappropriate at this stage.

4.  Genuine issues of material fact exist as to whether Defendant failed to accommodate Plaintiff given that Defendant knew of Plaintiff's disabilities.

The Plaintiff suffers from lumbar sprain, a shoulder sprain, carpal tunnel on her left and right hands, wrist contusions, an elbow sprain, an ankle sprain, sinusitis, and spinal stenosis which she was forced to undergo surgery, which caused Plaintiff to have trouble walking and carrying certain weights. In *Hamilton v. Southwestern Bell Tel. Co*., the court posited that for an individual to establish a disability she must, (a) have a physical or mental impairment that greatly limits a major life activity; (b) have a record of such impairment; or (c) is regarded as having such an impairment. From the foregoing it is clear that the Plaintiff falls within the stated stipulations of *Hamilton v. Southwestern Bell Tel. Co*., 136 F 3d 1047, 1050 (5th Cir. 1998). Plaintiff's condition qualified as a physical impairment that greatly limited her major life activities, since she was a mail carrier, who was forced to work primarily "all-walking" routes. Plaintiff gave notice to Ms. Watkins and Ms. Johnson that she had a disability and medical restrictions in 2014. The record shows that the Defendant was hesitant in granting her reasonable accommodation, and ultimately failed to provide her with light-duty restrictions. In the alternative, Plaintiff asserts that non-disabled similarly situated employees were treated more favorably than Plaintiff because they were given access to "all-riding" routes, which would have accommodated Plaintiff's medical restrictions.

**B. Plaintiff can establish a prima facie case of retaliation under Title VII and the Rehabilation Act.**

Plaintiff seeks recovery for her retaliation, in violation of Title VII 42 U.S.C. § 2000e-3; the Rehabilitation Act of 1973, as amended, 29 U.S.C. 701 et seq.; which prohibits an employer from retaliated against an employee who has engaged in protected

activity or has requested reasonable accommodations. To maintain an action for retaliation, a plaintiff must make a prima facie showing that: (1) she participated in an activity protected by Title VII or the Rehabilitation Act (2) her employer took some retaliatory action against her, and (3) a causal link exists between the protected activity and the retaliatory action. *Banks v. E. Baton Rouge Parish Sch. Bd*., 320 F.3d 570, 575 (5th Cir. 2003). Under Title VII, a plaintiff may prove retaliation either by direct or circumstantial evidence. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). If the plaintiff is able to establish a prima facie case, the burden shifts to the employer to produce a legitimate, non-discriminatory reason for the action. *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002). Only, if the employer meets this burden of production, must the plaintiff then prove that the employer's proffered reason is a pretext for an actual retaliatory purpose. *McCoy*, 492 F,3d at 557.

     1.   <u>Plaintiff engaged in protected activity based on her first EEO Complaint and her request for light-duty restrictions</u>.

Plaintiff alleges she was denied compensation and privileges in retaliation for engaging in protected activity. Plaintiff engaged in multiple protected actions. Plaintiff engaged in protected activity when she filed an EEO Complaint against Ms. Johnson and Ms. Watkins for violations of USPS policy and discrimination in December 2014. After Plaintiff's complaint and request for accommodation, Plaintiff engaged in more protected activity by making direct complaints to Ms. Slaughter, Ms. Watkins, Ms. Flowers and Ms. Gooden. Plaintiff also made two FMLA requests through Defendant's third-party provider UPMC. Defendant's only assert with regards to the first element of retaliation is that

Plaintiff failed to engage in protected activity under the ADEA. Plaintiff acknowledges that her first EEOC Charge did not select the box age. The evidence is sufficient to prove that Plaintiff engaged in protected activity, which satisfies the first element of a retaliation claim.

     2.   <u>Genuine issues of material fact exist as to whether Plaintiff suffered adverse employment action as a result of her protected activity</u>.

As stated above, Plaintiff suffered two acts of materially adverse employment action after she engaged in protected activity starting in December 2014. Plaintiff's denial of light-duty, denial of access to "all-riding" routes; and denial of overtime compensation should be considered direct and circumstantial evidence of adverse employment action, and it had occurred days and weeks after Plaintiff engaged in protected activity. Plaintiff has presented sufficient evidence that establishes she suffered a materially adverse action.

     3.   <u>Genuine issues of material fact exist as to the causal connection between Plaintiff's EEO Complaint, requests for accommodation, and her subsequent adverse employment action</u>.

Ms. Johnson was the ultimate decision maker for Plaintiff's request for light duty restrictions. It was known by Defendant that Plaintiff had engaged in protected activity regarding the work atmosphere, as she felt she was being treated unfavorably. After Plaintiff's first protected activity in December 2014, Plaintiff was denied light-duty restrictions within days of her complaint. Plaintiff asserts that because Ms. Johnson was privy to Plaintiff's EEO complaint and request for medical accommodations, Ms. Johnson was not ignorant of Plaintiff's  multiple light duty requests. Factual issues exist as there are

inconsistencies between Ms. Johnson's decision-making and what information she used to make that determination to deny Plaintiff the privileges and compensation she could have earned but for her protected complaints. Furthermore, the close nexus in time between Plaintiff's protected activity, and the adverse actions taken against her, creates an inference that the actions taken against Plaintiff were wholly related to her protected activity.

Based on the adverse action Plaintiff felt after her protected activity, and the adverse action she felt after her light-duty request, a reasonable jury can infer that a causal connection exists between Plaintiff's protected activity and the subsequent adverse action taken against her. As such, Plaintiff has met her burden to provide evidence as to her *prima facie* case of retaliation. Thus, summary judgment would be improper on this claim.

> 4. <u>Genuine issues of material fact exist as to whether Plaintiff's termination was pretextual given that Defendant failed to follow its own policy</u>.

Plaintiff has demonstrated a *prima facie* case on her retaliation claims, so the burden shifts to Defendants to produce evidence that its actions were justified by legitimate, nondiscriminatory reasons. *Raggs v. Mississippi Power & Light Co*., 278 F.3d 463, 468 (5th Cir. 2002). As discussed in detail above, USPS has asserted that Plaintiff suffered no adverse employment action, if she did USPS had a legitimate business reason to do so. These reasons, while no evidence exists, do fulfill Defendant's requirements of offering a non-discriminatory reason for its employment decision. Having stated a reason, Plaintiff may show that Defendant's reasons are pretextual attempts to hide their retaliatory animus.

As stated above, Plaintiff asserts that Defendant's reason for termination was pretext to cover up a discriminatory and retaliatory intent to limit Plaintiff's privileges and

compensation through her employment because there are genuine factual issues exist that provide inconsistencies in Defendant's continuous denial of Plaintiff's light-duty requests and how non-disabled employees were given access to overtime opportunities. Defendant's failure to follow their own policy creates inconsistencies and doubts as to Defendant's investigation. Sufficient evidence exists to allow a reasonable jury to conclude that Defendant's reasoning for Plaintiff's termination was pretextual and contains doubts as to whether Plaintiff was treated fairly. Therefore, Plaintiff respectfully request that the Court deny Defendant's Motion for Summary Judgment in its entirety.

## **CONCLUSION**

Based on the foregoing facts presented, the record, and the relevant authorities, Defendant has not shown itself entitled to summary judgment. Accordingly, Plaintiff Sylvia Moore respectfully request that this Court deny Defendant's motion for summary judgment in its entirety, allowing Plaintiff's claims to proceed to trial.

Dated: November 21, 2022                                    Respectfully submitted,

**Kennard Law P.C.**

**Alfonso Kennard, Jr.**
Texas Bar No. 24036888
S.D. ID 713316
**Eddie Hodges Jr.**
Texas Bar No. 24116523
S.D. ID. 3479748
5120 Woodway Dr. Suite 10010

18

Houston, Texas 77057
T: (713) 742-0900
F: (713) 742-0951
alfonso.kennard@kennardlaw.com
eddie.hodges@kennardlaw.com
**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 21, 2022, a true and correct copy of the foregoing

instrument has been served on all counsel of record via ECF online filing system.

**Catina Haynes Perry**
Assistant United States Attorney
Texas Bar No. 24055638
Federal ID No. 577869
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9354
Facsimile: (713) 718-3303
Email: catina.perry@usdoj.gov

_____
Alfonso Kennard Jr.

19