United States District Court
Southern District of Texas
**ENTERED**
August 09, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SYLVIA MOORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-2322 |
| | § | |
| LOUIS DEJOY, Postmaster General, | § | |
| United States Postal Service, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion for summary judgment filed by Defendant Louis DeJoy, Postmaster General of the United States Postal Service ("USPS"). (Dkt. 21). Having reviewed the pleadings, the entire record and the applicable law, the motion is **GRANTED**.

## BACKGROUND

Plaintiff Sylvia Moore has worked for USPS in various capacities since 1989. She is currently employed as a carrier technician. She suffered an on-the-job injury in 2004 that impaired her mobility and placed limitations on the amount of weight she can carry.

Ten years after Moore suffered the injury, she began having conflicts with two of her supervisors regarding her work restrictions and light-duty requests. After a series of negative encounters between Moore and her supervisors, Moore contacted an Equal Employment Opportunity counselor. She was eventually afforded the right to make a

1

formal complaint, which resulted in an investigation. Following the investigation, Moore was given the opportunity to amend her complaint to add further incidents that, per Moore, were examples of unlawful retaliation against her for initiating the complaint process in the first place.

USPS issued a Final Agency Decision ("FAD") nearly two years later, wherein USPS concluded that Moore failed to establish that she experienced discrimination. After Moore appealed the FAD, further investigation into Moore's claims of retaliation was ordered. A new FAD was issued, which was then appealed by Moore. After the new FAD was affirmed, Moore timely filed a complaint in this Court.

Moore's Amended Complaint presents claims of disability discrimination, gender discrimination, age discrimination, and retaliation, and further alleges that USPS subjected her to a hostile work environment. USPS moved for summary judgment. The Court considers USPS's motion below.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material if it might affect the outcome of the suit, and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Miranda v. Navistar, Inc.*, 23 F.4th 500, 503 (5th Cir. 2022). To survive summary judgment, the nonmovant must "present competent summary judgment evidence to support the essential elements of its

2

claim." *Cephus v. Tex. Health & Hum. Servs. Comm'n*, 146 F. Supp. 3d 818, 826 (S.D. Tex. 2015).

The nonmovant's "burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quotation omitted). Rather, the "nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim." *Brooks v. Houston Indep. Sch. Dist.*, 86 F. Supp. 3d 577, 584 (S.D. Tex. 2015). In ruling on a motion for summary judgment, the Court must construe "the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020).

## ANALYSIS

Moore's Amended Complaint brings claims of disability discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"), gender discrimination under Title VII and the Texas Commission on Human Rights Act ("TCHRA"), age discrimination under Title VII and the TCHRA, retaliation under Title VII and the TCHRA, and hostile work environment under Title VII.[1] As discussed below, the parties now agree that certain claims fall under different federal statutes. The Court reviews USPS's arguments for summary judgment below.

---

[1] The Amended Complaint brings these claims against a former Postmaster General of the USPS, Megan Brennan. The proper party is the current Postmaster General of the USPS, Louis DeJoy. FED. R. CIV. P. 25(d).

3

I.     **Moore has not raised genuine issues of material fact on her gender-discrimination claims under Title VII or her age-discrimination claims under the Age Discrimination in Employment Act.**

Moore claims that USPS unlawfully discriminated against her on the basis of her gender and age. Moore's gender-discrimination claim is brought under Title VII, which prohibits "discharg[ing] any individual, or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).[2]  Moore's age-discrimination claim is brought under the Age Discrimination in Employment Act ("ADEA"), which prohibits employers from firing, refusing to hire, or otherwise discriminating against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of her age. 29 U.S.C. § 623(a)(1).[3]

A plaintiff can prove intentional discrimination through either direct or circumstantial evidence. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007). When discrimination claims are based on circumstantial evidence, courts apply the *McDonnell Douglas* burden-shifting framework. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802

---

[2] Both parties now appear to agree that Moore, as a federal employee, cannot bring discrimination claims under the TCHRA *See Jackson v. Widnall*, 99 F.3d 710, 716 (5th Cir. 1996) (citation omitted) ("[T]itle VII provides the exclusive remedy for employment discrimination claims raised by federal employees."). Thus, the Court grants summary judgment in USPS's favor on Moore's claims under the TCHRA.

[3] Moore originally brought her age-discrimination claim under Title VII, but both parties now agree that Moore's age-discrimination claim falls under the ADEA. *See Chhim v. Univ. of Houston Clear Lake*, 129 F. Supp. 3d 507, 513 n.5 (S.D. Tex. 2015) (Atlas, J.) ("An age discrimination claim is properly brought under the ADEA, not Title VII.").

4

(1973)); *see also Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010) (applying the *McDonnell Douglass* framework to ADEA claim). Here, the burden-shifting framework is applicable because Moore presents circumstantial evidence in support of her gender- and age-discrimination claims.

Under the burden-shifting framework, a plaintiff first must present a *prima facie* case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. To establish a *prima facie* case of discrimination, a plaintiff must show that (1) she belongs to a protected class; (2) she was qualified to do his job; (3) she suffered some adverse employment action by her employer; and (4) she was treated less favorably than other similarly situated employees outside the protected group. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citing *McDonnell Douglas*, 411 U.S. at 802).

USPS argues that Moore has not established a *prima facie* case of age or gender discrimination under the third and fourth prongs above—*i.e.*, USPS argues that Moore was never subjected to an adverse employment action by USPS and has not identified any similarly situated employees who were treated more favorably. The Court agrees with USPS that Moore has not established a *prima facie* case of age or gender discrimination.

*Adverse Employment Action*

As an initial matter, the Court finds that Moore has not established that she experienced an adverse employment action to support a claim of age or gender discrimination. Adverse employment actions that support a claim of discrimination under Title VII and the ADEA "include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *McCoy*, 492 F.3d at 559. "[A]n

employment action that 'does not affect job duties, compensation, or benefits' is not an adverse employment action." *Pegram v. Honeywell*, *Inc*., 361 F.3d 272, 282 (5th Cir. 2004) (quoting *Banks v. E. Baton Rouge Parish Sch. Bd*., 320 F.3d 570, 575 (5th Cir.2003)).

Moore argues that she experienced adverse employment actions (1) when she was denied light-duty and "all riding" routes despite her medical conditions, and (2) when she was not allowed to accumulate overtime hours due to her medical restrictions. (Dkt. 22 at 15-17). As an initial matter, the Court notes that Moore's allegations concerning adverse employment actions appear to relate solely to alleged discrimination on the basis of her disability, not discrimination on the basis of her gender or age.[4] Moreover, the Court finds that Moore's allegations lack specificity and evidentiary support.

Moore cites no specific summary judgment evidence to support her claim that she experienced an adverse employment action for purposes of establishing a gender- or age-discrimination claim. Critically, Moore fails to provide any evidence that she was denied otherwise-available overtime opportunities, when such overtime opportunities may well have been unavailable at the time Moore sought them. Indeed, Moore's "arguments and authorities" offered in opposition to USPS's motion for summary judgment cites no summary judgment evidence at all. While Moore's "statement of material facts" frequently invokes entire exhibits that Moore attached to her statement of opposition, including Moore's 272-page deposition, it is not the responsibility of the Court to comb through the

---

[4] As discussed *infra*, Moore's disability discrimination claim, unlike Moore's gender- and age-discrimination claims, does not rely on a finding that she experienced an adverse employment action.

6

record in search of supporting summary judgment evidence. *See Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). Instead, Rule 56 "saddles the non-movant with the duty to 'designate' the specific facts in the record that create genuine issues precluding summary judgment, and does not impose upon the district court a duty to survey the entire record in search of evidence to support a non-movant's opposition." *Id.*

The failure to identify specific facts in the record that buttress Moore's contention that she experienced adverse employment actions is tantamount to offering no evidence at all. Thus, the Court finds that Moore did not experience the type of ultimate employment decision that constitutes an adverse employment action under Title VII and the ADEA.

*Disparate Treatment*

The Court now turns to the "disparate treatment" prong of the *prima facie* case—*i.e.*, whether Moore was treated less favorably than similarly situated employees outside of her protected classes. In her response to USPS's motion for summary judgment, Moore identified eight fellow employees outside of her protected groups that, according to Moore, were similarly situated to Moore and were given predominately "all-riding" routes when Moore's light-duty requests were denied. The Court finds that Moore has failed to establish that these eight individuals—Derrick Waities, Charles Russell, Eric Murphy, Mr. Fuller, Bobby Johnson, Aloysious James, Jerry Odom, and Robert Hewelett—are similarly situated to Moore or were given preferential treatment.

For employees to have been similarly situated, those employees' circumstances "must have been nearly identical." *Perez v. Tex. Dep't of Criminal Justice*, 395 F.3d 206, 213 (5th Cir. 2004) (quotation marks omitted). "As its phrasing 'nearly identical' suggests,

the Fifth Circuit narrowly construes the 'similarly situated' requirement." *Silva v. Chertoff*, 512 F. Supp. 2d 792, 803 & n. 33 (W.D. Tex. 2007) (collecting cases).[5]

As an initial matter, the Court finds Moore's allegations that similarly situated coworkers were treated better than her to be conclusory and unsupported by summary judgment evidence. Indeed, Moore cites no specific evidence in support of her disparate-treatment claim, and, as with Moore's claims regarding adverse employment actions, the Court will not search through the record to find evidence that Moore fails to identify.

Furthermore, Moore's unsupported assertions themselves fail to meet the criteria for establishing that the aforementioned employees are similarly situated to Moore. For one, all eight individuals are described as "city carriers" (Dkt. 22 at 17), whereas Moore is currently employed as a "carrier technician" (Dkt. 14 at 3). Moore does not specify whether

---

[5] The cases cited by Judge Montalvo in footnote 33 of his opinion illustrate how stringent the "similarly situated" requirement is. *See, e.g., Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 406 (5th Cir. 2005) (finding insufficiently identical circumstances where the terminated white plaintiff and a black manager who remained employed had the same supervisor, were both company directors, and were both accused of removing company assets at relatively the same time; the Court of Appeals noted that the white plaintiff lied repeatedly during the course of the company's investigation, while the black employee admitted her actions; in addition, the value of the property the black employee removed was "dramatically less" than the property the white plaintiff removed); *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995) (finding that the plaintiff had not shown "nearly identical" circumstances merely because he produced evidence that white and black employees in the same position had scrapped parts due to the employee's operator error or poor workmanship, but were not disciplined; the plaintiff had not shown that the undisciplined employees had, like him, a history of poor work performance and scrapped parts damage amounting to $8,000); *Little v. Republic Refining Co.*, 924 F.2d 93, 97 (5th Cir. 1991) (concluding that the plaintiff had not shown "nearly identical" circumstances because the employee outside plaintiff's protected class who allegedly received more favorable treatment did not have the same supervisor); *Smith v. Wal-Mart Stores (No. 471)*, 891 F.2d 1177, 1180 (5th Cir. 1990) (determining that the plaintiff and the employee outside her protected class who allegedly received preferential treatment were not similarly situated where the employer discharged the plaintiff because the plaintiff violated its non-fraternization policy and the other employee's conduct did not involve the employer's non-fraternization policy).

8

these eight individuals' tenures as city carriers overlapped with Moore's tenure as a city carrier. For employees to be similarly situated for purposes of a discrimination analysis, the employees must have "held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." *Lee v. Kansas City S. Ry. Co*., 574 F.3d 253, 260 (5th Cir. 2009) (citations omitted).

Even if all eight individuals' tenures as city carriers overlapped with Moore's tenure as a city carrier, Moore failed to cite any specific evidence regarding these employees' work histories or levels of experience. Much more is needed to establish a claim of disparate treatment under Title VII or the ADEA. Thus, the Court finds that Moore failed to establish the "disparate treatment" prong of the *prima facie* case of discrimination.

Having found that Moore failed to establish that she experienced an adverse employment action or that she was treated differently from similarly situated employees outside of her protected class, the Court finds that Moore has failed to establish a *prima facie* case of discrimination under Title VII and the ADEA. Thus, USPS is entitled to summary judgment on Moore's discrimination claims under Title VII and the ADEA.

## II. Moore has not raised a genuine issue of material fact on her disability-discrimination claim under the Rehabilitation Act.

Moore claims that USPS also unlawfully discriminated against her on the basis of her disabilities. Moore's disability-discrimination claim is brought under the Rehabilitation Act of 1973, which provides that "[n]o otherwise qualified individual with a disability [] shall, solely by reason of her or his disability, be excluded from the participation in, be

9

denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).[6]

Rehabilitation Act claims, like claims under Title VII and the ADEA, are analyzed under the McDonnell Douglas burden-shifting framework. *Houston v. Texas Dep't of Agric.*, 17 F.4th 576, 585 (5th Cir. 2021) (citation omitted). Nevertheless, Moore's claim under the Rehabilitation Act warrants separate analysis because the elements of a *prima facie* case of discrimination under the Rehabilitation Act are different than the elements of a *prima facie* case under Title VII or the ADEA.

To establish a *prima facie* case of discrimination under the Rehabilitation Act, "a plaintiff must prove that (1) she is an 'individual with a disability'; (2) who is 'otherwise qualified'; (3) who worked for a 'program or activity receiving Federal financial assistance'; and (4) that she was discriminated against 'solely by reason of her or his disability.'" *Hileman v. City of Dallas*, 115 F.3d 352, 353 (5th Cir. 1997) (citing 29 U.S.C. § 794(a)). "To show discrimination on the basis of a disability, a plaintiff may either show disparate treatment—that the defendant treated her worse than a similarly situated but non-disabled person—or that the defendant failed to reasonably accommodate her disability." *Johnston v. Dexel*, No. CV H-16-3215, 2017 WL 11612500, at *7 (S.D. Tex. Aug. 18, 2017) (Rosenthal, J) (citation omitted).

---

[6] Moore originally brought her disability-discrimination claim under Title VII and the ADA, but, as a federal employee, Moore's disability-discrimination claim is properly brought under the Rehabilitation Act. *See Carter v. Ridge*, 255 F. App'x 826, 829 (5th Cir. 2007) ("The Rehabilitation Act is the exclusive remedy for federal employees claiming disability discrimination.").

As discussed above, Moore failed to establish a *prima facie* case of discrimination under Title VII and the ADEA in part because Moore failed to produce evidence that she was treated differently than similarly situated employees. Given that Moore did not provide different examples of allegedly similarly situated employees for her gender- and age-discrimination claims than she provided for her disability discrimination claim, and given the Court's finding that those allegedly similarly situated employees are not similarly situated to Moore, it follows that Moore cannot establish a claim of disparate treatment resulting from her disability. Thus, Moore's disability-discrimination claim can only stand if Moore can establish that USPS failed to accommodate her disability.

To succeed on a failure-to-accommodate claim, Moore must prove: (1) she is a "qualified individual with a disability;" (2) the disability and its consequential limitations were "known" by USPS; and (3) USPS failed to make "reasonable accommodations" for such known limitations. *Feist v. Louisiana, Dep't of Just., Off. of the Atty. Gen*., 730 F.3d 450, 452 (5th Cir. 2013).[7] Reasonable accommodations "do[] not impose undue financial or administrative burdens or 'fundamentally alter the nature of [an employer's] service, program, or activity.'" *Cadena v. El Paso Cnty*., 946 F.3d 717, 724 (5th Cir. 2020) (quoting 28 C.F.R. § 35.130(b)(7)). Such reasonable accommodations include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of

---

[7] While this standard was articulated in a case brought under the Americans with Disabilities Act, "the Rehabilitation Act and the Americans with Disabilities Act (ADA) have the same standards and provide the same remedies; case law interpreting either statute applies to both." *Perkins v. Child Care Assocs*., 751 F. App'x 469, 478 (5th Cir. 2018).

examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9)(B).

USPS argues that summary judgment on Moore's disability-discrimination claim is warranted because Moore fails to provide evidence (1) that reasonable accommodations— here, light-duty or all-riding assignments—were available when she requested them, and (2) that Moore provided adequate documentation of her disability to USPS. (Dkt. 21 at 23). The Court agrees with USPS.

As discussed above, Moore's broad-brush references to the record do not adequately counter USPS's arguments for summary judgment. In order to establish that she is a qualified individual with a disability, Moore "bears the burden of proving that an available position exists that [she] was qualified for and could, with reasonable accommodations, perform." *Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 315–16 (5th Cir. 2007) (citation omitted). Moore likewise "bears the burden of proof of reasonableness." *Riel v. Elec. Data Sys. Corp.*, 99 F.3d 678, 683 (5th Cir. 1996). Moore offered no evidence that her proposed accommodations were available when she requested them, nor did she meet her burden of proof regarding the reasonableness of her proposed accommodations. Given that Moore failed to "'designate' the specific facts in the record that create genuine issues precluding summary judgment," *Jones*, 82 F.3d at 1338, the Court finds that summary judgment is warranted on Moore's disability-discrimination claim.

**III.     Moore has not raised a genuine issue of material fact on her retaliation claims.**

In addition to claiming that USPS discriminated against her on the basis of her gender, age, and disability status, Moore also contends that USPS unlawfully retaliated against her after she submitted initial complaints of discrimination. Title VII forbids retaliation against individuals who oppose discrimination or participate in certain Title VII processes. 42 U.S.C. § 2000e-3(a). The ADEA contains a similar anti-retaliation provision. 29 U.S.C.A. § 623. The Rehabilitation Act's supporting regulations likewise prohibit retaliation against individuals who oppose disability discrimination practice or make charges of such. 29 C.F.R. § 1614.101.

A plaintiff establishes a *prima facie* case of retaliation by showing: (1) that she engaged in activity protected under Title VII, the ADEA, or the Rehabilitation Act; (2) that an adverse employment action occurred; and (3) that there was a causal connection between the participation in the protected activity and the adverse employment action. *Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 42 (5th Cir. 1992) (applying standards to retaliation claims under Title VII and the ADEA); *Coleman v. Kijakazi*, No. 21-10399, 2023 WL 2660167, at *4 (5th Cir. Mar. 28, 2023) ("[T]he elements of a retaliation claim under the Rehabilitation Act are identical to Title VII.").

At issue here is whether Moore experienced an adverse employment action and whether there is a causal connection between any such adverse employment action and Moore's protected activity—*i.e.*, whether Moore satisfies the second and third prongs of the retaliation analysis. The Court's earlier finding that Moore did not experience an adverse employment action for purposes of her discrimination claim does not resolve this

13

inquiry. "[T]he Supreme Court's standard for retaliation is broader than for discrimination, in that such actions are not limited to tangible employment acts." *Johnson v. TCB Const. Co*., 334 F. App'x 666, 671 (5th Cir. 2009), citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). In the retaliation context, an adverse action is one that "might have dissuaded a reasonable worker from making . . . a charge of discrimination." *Burlington N.*, 548 U.S. at 68 (quotations omitted).

USPS argues that summary judgment on Moore's retaliation claim is warranted because Moore has not provided evidence that she experienced an adverse employment action necessary to support a retaliation claim. Alternatively, USPS provided evidence from Moore's deposition that any adverse employment actions Moore may have experienced were the result of Moore's performance issues—*i.e*., untimely delivery of mail and failure to adhere to USPS policies. (Dkt. 21 at 24-25). The Court agrees with USPS.

Moore's retaliation claims—like Moore's discrimination claims—are unsupported by summary judgment evidence. The Court finds that Moore has not established that she experienced any actions that meet the less-stringent standard for adverse employment actions necessary to support a retaliation claim. The Court further finds that Moore has failed to establish any causal connection between her alleged instances of adverse employment actions and her protected conduct under Title VII, the ADEA, and the Rehabilitation Act. Thus, summary judgment on Moore's retaliation claims is in order.

14

**IV.    Moore has not raised a genuine issue of material fact on her hostile work environment claim.**

USPS moves for summary judgment on Moore's hostile work environment claim on the ground that Moore has provided no specific evidence of a hostile work environment at USPS. The Court agrees with USPS.

A plaintiff may establish a Title VII or Rehabilitation Act violation based on discrimination that creates a hostile work environment by establishing that: (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on that protected class; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir.2002); *see also Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235–36 (5th Cir. 2001) (extending Title VII hostile work environment jurisprudence to disability-based hostile work environment claims under the ADA and Rehabilitation Act).

A plaintiff may establish an ADEA violation based on discrimination that creates a hostile work environment by establishing that: (1) she was over the age of 40; (2) the employee was subjected to harassment, either through words or actions, based on age; (3) the nature of the harassment was such that it created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer. *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011).

15

For harassment to affect a term, condition, or privilege of employment, it must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Ramsey*, 286 F.3d at 268 (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986)). In determining whether a workplace constitutes a hostile work environment, courts must consider the following circumstances: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993)).

The Court finds that Moore has not provided any evidence of alleged harassment based on her gender, age, or disability that was severe or pervasive. At most, Moore's litany of hostile work environment complaints—none of which are supported by summary judgment evidence—constitute mere "petty slights, minor annoyances, and simple lack of good manners." *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 485 (5th Cir. 2008) (internal quotation omitted). Accordingly, USPS is entitled to summary judgment on Moore's hostile work environment claim.

**CONCLUSION**

For the reasons explained above, Defendant USPS's Motion for Summary Judgment

(Dkt. 21) is **GRANTED.**

SIGNED at Houston, Texas on August 9, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

17